UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE CLARK, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY ABDALLAH, *et al*., <br><br> Defendants. | Case No. 21-10001 <br> Honorable Victoria A. Roberts <br> Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING MOTION TO QUASH SUBPOENA (ECF NO. 37)**

I. **Introduction and Background**

Plaintiffs George Clark and Kevin Harrington sue the city of Inkster and three of its police sergeants under 42 U.S.C. § 1983. ECF No. 27. Plaintiffs were convicted of murder and sentenced to life imprisonment in 2003. *Id*., PageID.332. They claim that their convictions resulted from defendants fabricating and withholding evidence, in violation of their constitutional rights. *Id*. In 2020, plaintiffs' counsel and the Wayne County Prosecutor's Office Conviction Integrity Unit (CIU) allegedly discovered new evidence and the Wayne County Prosecutor moved to vacate the convictions in 2020. *Id*., PageID.334-335.

After plaintiffs filed suit, defendants served a subpoena on the Wayne County Prosecutor's Office (WCPO) for materials related to plaintiffs' prosecutions and defendants deposed Valerie Newman of the CIU. ECF No. 37, PageID.495; ECF No. 37-5; ECF No. 37-6. Then, in November 2021, defendants served the WCPO with another subpoena requesting five categories of documents. The fifth category, which the WCPO does not object to, requested more information about CIU's investigation into plaintiffs' convictions. ECF No. 37-7, PageID.540. The WCPO summarizes the first four categories as follows:

- Request No. 1: For every single prior CIU matter that recommended to the Prosecutor to grant relief to a convicted individual, a list of every single court case, the nature of the conviction, and the relief granted.

- Request No. 2: For every single prior CIU matter that recommended to the Prosecutor to grant relief that involved an underlying violent offense, copies of any correspondence between the CIU and any victims and/or their family members.

- Request No. 3: For every single prior CIU matter that recommended to the Prosecutor to grant relief that involved claims of police misconduct: (1) all correspondence with the police officers involved; (2) the name of all police officers contacted for an interview; (3) a list of all officers present; (4) all notes taken at interviews; and (5) documents evidencing a police officer refusal to be interviewed.

- Request No. 4: For every single prior CIU matter that recommended to the Prosecutor to grant relief, all

>   communications from the unit to the actual assistant
>   prosecuting attorney on the underlying criminal case.

ECF No. 37, PageID.495-496; ECF No. 37-7.  The WCPO's summary is mostly accurate, except that Request No. 3 is even broader than the summary.  Defendants do not limit that request to matters in which the CIU recommended that the WCPO grant relief; they requested information about "all cases involving any CIU investigation of a criminal conviction based on allegations of police misconduct," regardless of the outcome of the investigation.  ECF No. 37-7, PageID.539 (emphasis in original).

The WCPO moves to quash the subpoena as to these four categories of documents, and the Honorable Victoria A. Roberts referred to the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 37; ECF No. 39.  For the reasons below, the Court grants the motion to quash.

II. Analysis

A.

The scope of discovery for a subpoena under Federal Rule of Civil Procedure 45 is governed by Federal Rule of Civil Procedure 26(b)(1).  *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018).  Under Rule 26(b), "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Despite having the same scope of discovery, Rule 45 differs from Rule 26(b)(1) in that a party serving a subpoena on a nonparty must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Courts are required to enforce that duty and must quash or modify a subpoena that would subject the nonparty to an undue burden. Rule 45(d)(1) & (d)(3)(iv).

Under these standards, the Court must quash the disputed requests in the November 2021 subpoena.

## B.

Defendants call the requests in their subpoena "narrowly tailored" and say that they are "relevant to Ms. Newman's credibility and bias, and whether Plaintiff's cases were favorably terminated." ECF No. 40, PageID.561. Defendants say that CIU's investigation was "hollow" and

thus it "did not result in a favorable termination for Plaintiffs" for their malicious prosecution claim. *Id*., PageID.560. And defendants explain that they wish to undercover "a pattern in the CIU's investigations and how it favors the use of evaluating subjective evidence that was already available at the time of criminal trials—just like this one." *Id*., PageID.565. Defendants' arguments lack merit.

First, defendants misstate the current scope of discovery by relying on language from *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). ECF No. 40, PageID.562. In that case, the Supreme Court said that the "key phrase" of Rule 26(b)(1) was "relevant to the subject matter involved in the pending action." *Oppenheimer*, 437 U.S. at 351. That "key phrase" had "been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*. Rule 26(b)(1) no longer includes the "key phrase" cited in *Oppenheimer*. Instead, the amended rule more narrowly allows discovery that "is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1).

So it is "inappropriate to continue to cite to *Oppenheimer* for the purpose of construing the scope of discovery under amended Rule 26(b)(1)." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d

810, 820-23 (W.D. Pa. 2016).  Unlike the operative language of Rule 26(b)(1) in *Oppenheimer*, "[t]he [2015] rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."  Rule 26, advisory committee's notes (2015).

### C.

The question thus turns to whether the disputed requests in the subpoena are relevant to a claim or defense.  Defendants rightly argue that the reasons for the WCPO's decision to vacate *plaintiffs'* convictions are relevant to their malicious prosecution claims.  For example, in *Parnell v. City of Detroit, Michigan*, the plaintiff satisfied the elements of a malicious prosecution claim when undisclosed evidence led the prosecutor to conclude that she could not prevail at trial.  786 F. App'x 43, 51 (6th Cir. 2019).  Defendants were therefore within their rights to subpoena materials about plaintiffs' prosecutions and to depose Newman about why the CIU concluded that plaintiffs' convictions should be vacated.  The WCPO does not argue otherwise; it does not object to the request for documents in the November 2021 subpoena about CIU's investigation into plaintiffs'

6

convictions.  ECF No. 37, PageID.496 n. 1; ECF No. 37-7, PageID.540-541.

But defendants request a horde of documents about CIU's investigations related to convictions that are irrelevant here.  They request all documents about every conviction in which the CIU recommended the grant of relief and, even broader, every conviction in which the CIU merely investigated for police misconduct.  ECF No. 37-7.  Those requests "would sweep in numerous documents that bear no relevance to the claims or defenses raised in this matter."  *Mirmina v. Genpact LLC*, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017); *see also Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were "anything but appropriate").

Defendants wish to put Newman's entire career in the CIU on trial to show that she is biased.  It is true that "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might properly be discoverable.  Rule 26, advisory committee's notes (2015).  But defendants present no scenario under which Newman's work related to every other conviction she has investigated could be used for impeachment in this case.  *See* Fed. R. Civ. 404(b) (evidence of

7

another wrong or act "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

Allowing this litigation to become an assault on the overall quality of Newman's work would be nothing but a "distracting side show[ ]" which would "only burden the search for the truth."  *Harlem River Consumers Co-op., Inc., v. Associated Grocers of Harlem, Inc.,* 54 F.R.D. 551, 552 (S.D.N.Y. 1972); *see also Jorjani v. New Jersey Inst. of Tech*., No. CV 18-11693 (WJM), 2021 WL 100207, at *5 (D.N.J. Jan. 12, 2021) ("Such discovery would divert the focus of this case, is a classic fishing expedition, and would create an unnecessary and perhaps expensive side show.").[1] And though defendants argue that the WCPO has not met its burden of showing undue burden, the Court may make a common-sense judgment that the sweeping scope of documents defendants request without showing relevance would cause the WCPO an undue burden.  *Vallejo v. Amgen, Inc*., 903 F.3d 733, 744 (8th Cir. 2018); *State Farm Mut., Auto. Ins. Co. v.*

---

[1] Using defendants' logic, plaintiffs would be permitted to subpoena documents from the WCPO about every single case in which the defendant sergeants recommended prosecution, or simply investigated, to look for evidence to impeach the sergeants.  The Court doubts that defendants would support such a fishing expedition.

*Max Rehab Physical Therapy*, LLC, No. CV 18-13257, 2020 WL 12763079, at *2 (E.D. Mich. July 19, 2020).

Thus, under Rule 45(d)(1), this Court is dutybound to quash the portions of the subpoena in dispute.

### III. Conclusion

The Court **GRANTS** the WCPO's motion to quash (ECF No. 37).

|  |  |
|---|---|
|  | s/Elizabeth A. Stafford |
|  | ELIZABETH A. STAFFORD |
| Dated: January 31, 2022 | United States Magistrate Judge |

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2022.

                                                <u>s/Marlena Williams</u>
                                                MARLENA WILLIAMS
                                                Case Manager