UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CLARK, individually, and
KEVIN HARRINGTON, individually;

      Plaintiffs,

-v-                                            No. 21-cv-10001
                                                   Hon. Victoria A. Roberts
ANTHONY ABDALLAH, in his              Mag. Elizabeth A. Stafford
individual capacity; KEVIN SMITH, in his
individual capacity; John Hermann, Personal
Representative of the Estate of
GREGORY HILL, deceased; and CITY OF
INKSTER, a Municipal corporation;
jointly and severally,

      Defendants.

---

## **PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs, through counsel, move this Court for an Order granting leave to file a Second Amended Complaint adding a state law claim of Malicious Prosecution. The amended pleading will require no additional discovery and will not lengthen the existing discovery schedule. There is no prejudice to Defendants.

The undersigned counsel certifies that he conferred with opposing counsel, verbally and in writing, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

Plaintiff relies on Fed.R.Civ.P. 15(a)(2), the authorities cited in the attached brief, and the Court's discretion to govern its own schedule.

                Respectfully submitted,

                MUELLER LAW FIRM

                *s/Wolfgang Mueller*
                WOLFGANG MUELLER
                Attorney for Plaintiffs
                41850 W. Eleven Mile Rd., Ste. 101
                Novi, Michigan 48375
                (248) 489-9653
                wolf@wolfmuellerlaw.com
                (P43728)

Dated:  February 7, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CLARK, individually, and
KEVIN HARRINGTON, individually;

      Plaintiffs,

-v-

ANTHONY ABDALLAH, in his
individual capacity; KEVIN SMITH, in his
individual capacity; John Hermann, Personal
Representative of the Estate of
GREGORY HILL, deceased; and CITY OF
INKSTER, a Municipal corporation;
jointly and severally,

      Defendants.

No. 21-cv-10001
Hon. Victoria A. Roberts
Mag. Elizabeth A. Stafford

---

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT

I, Wolfgang Mueller, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14-point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

### SUMMARY OF THE MOTION

Plaintiffs seek to file a Second Amended Complaint to add a state law claim

of malicious prosecution that was inadvertently omitted from the original Complaint and First Amended Complaint that added a new Defendant.  The state law claim of malicious prosecution contains nearly identical elements as the federal claim of malicious prosecution but allows for the recovery of treble damages.  **(Proposed Second Amended Complaint, Exhibit 1)**.

The new pleading will add no time to the existing schedule as the necessary parties (Plaintiffs and Defendants, Anthony Abdallah and Kevin Smith) have already been deposed.  Defendants are not prejudiced in any respect since the Court has yet to set a deadline for filing motions for summary judgment and Defendants' arguments to dispose of the federal and state malicious prosecution claims on summary judgment would be based on the same arguments, namely, the existence of probable cause and lack of a favorable termination of the underlying criminal case.

Because leave to supplement should be freely given when justice so requires and denying such a motion requires that a court find "at least some significant showing of prejudice to the opponent," *Duggins v. Steak N' Shale, Inc.*, 195 F.3d 828, 834 (6th Cir. 1989), leave to amend the Complaint is warranted in this case. Granting the instant motion is within the Court's discretion, *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006), and serves the Court's strong interest in "reducing multiplicity of litigation by permitting as many of the claims

2

between the parties as possible to be settled in one action." *Diaz v. City of Inkster*, 2006 WL 2192929 (E.D. Mich. Aug. 6, 2006) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1506 (2d ed. 1990)). **(Exhibit 3).**

## NATURE OF THE CASE AND PROCEEDINGS

The instant case arises out of the 17-year wrongful convictions of Plaintiffs for the September 26, 2002, murder of Michael Martin in the City of Inkster. Following a joint trial, Plaintiffs were convicted by a jury in 2003. Plaintiff, Kevin Harrington, was granted a new trial based on ineffective assistance of counsel. His next two re-trials resulted in hung juries before he was convicted in a fourth trial in 2006.

Plaintiffs' convictions were vacated by the Wayne County Prosecutor's Office (WCPO) following an investigation of the case by the WCPO Conviction Integrity Unit (CIU) in 2020. Clark's complex habeas journey was set forth by this Court in its opinion and order granting Clark's Emergency Motion for Bond. *Clark v. Hoffner*, 2020 WL 1703870 (E.D. Mich. April 8, 2020). **(Exhibit 3).** Harrington's journey went through the University of Michigan Innocence Clinic and the CIU. Ultimately, the Wayne County Prosecutor, Kym Worthy, agreed to vacate both Plaintiffs' convictions and dismiss criminal charges against them. In doing so, and as a result of a six-month CIU investigation, the Prosecutor's Office

3

noted that the CIU "found a *disturbing pattern* from the original lead detective[1] that involved threatening and coercing a number of witnesses." **(WCPO Press Release, April 23, 2020, Exhibit 2)** (emphasis in original). The press release continued, "[t]he charges in the case were dismissed because the issues with the original lead detective were such that the conduct materially impacted the integrity of the verdict." *Id*.

Plaintiffs filed suit on January 4, 2021. ECF No. 1. Plaintiff filed a First Amended Complaint naming the Estate of Gregory Hill as a Defendant on October 14, 2021, ECF No. 27.

## LEGAL ARGUMENT

### A.  Standard for allowing an Amended Pleading

A district court's decision to allow the filing of an amended pleading is reviewed for abuse of discretion. *Evans*, 434 F.3d at 853.

### B.  Leave to file a Second Amended Complaint should be granted.

Fed.R.Civ.P. 15(a)(2) states that where a party seeks the court's leave to file an amended pleading, "[t]he court should freely give leave when justice so requires." Rule 15 "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.' " *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986 (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.

---

[1] The lead detective in the case was Defendant, Anthony Abdallah.

4

1982)). Thus, Rule 15 assumes "a liberal policy of permitting amendments." *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988).

Leave may not be granted if it is brought "in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

In *Lin v. Crain Communications, Inc.*, 2020 WL 2043727 (E.D. Mich. 2020) **(Exhibit 3)**, this Court analyzed the various factors before granting leave to the plaintiff to file an Amended Complaint. The court noted that it should consider "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Id*. at * 1 (quoting *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 594, 605 (6th Cir. 2001)).

In *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1989), the Sixth Circuit noted, "[t]o deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.' " (quoting *Moore*, 790 F.2d at 562). *Moore* emphasized the importance of specifying prejudice to the opponent. *Moore* noted that " 'delay alone, regardless of its length, is not enough to bar it [amendment] if the other party is not prejudiced.' " *Moore*, 790 F.2d at 560 (quoting 3 Moore's Federal Practice, ¶ 15.08 at 15.76).

In *Duggins,* the Sixth Circuit affirmed the district court's denial of the

5

Plaintiff's attempt to file an amended complaint because the plaintiff "delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed …. Allowing the amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery *and prepare a defense for a claim quite different* from the sex-based retaliation claim that was before the court." *Id*. at 834 (emphasis added).

Defendants will argue that the delay in seeking to file a Second Amended Complaint is "undue" because the Court's initial scheduling order required amended pleadings to be filed by July 30, 2021, ECF No. 16, which was extended by stipulated orders to September 15, ECF No. 16, then to October 15, 2021, ECF No. 23, to allow the state probate court to appoint a Personal Representative for the Estate of Gregory Hill, the deceased former Lieutenant of the Inkster Police Department.

Plaintiff's counsel acknowledges the oversight in not adding the state law claim of malicious prosecution at that time. The Court, however, has the discretion to manage its schedule and, in this case, Defendants are not prejudiced in the slightest.

Unlike *Duggins*, discovery cutoff is not until March 31, 2022, ECF No. 35, and the Court has yet to set a dispositive motion cutoff date. And unlike *Duggins*,

6

the state law malicious prosecution claim practically mirrors the elements of the federal malicious prosecution claim.

A claim for malicious prosecution under the Fourth Amendment requires: (1) a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute"; (2) there was lack of probable cause to prosecute; (3) the plaintiff suffered a "deprivation of liberty" as a result of the criminal prosecution; and (4) that the criminal proceeding was resolved in Plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). Notably, "malice" is not required under the federal claim. *Sykes*, at 309 ("This circuit has never required that a plaintiff demonstrate "malice" in order to prevail on a Fourth Amendment claim for malicious prosecution, and we join the Fourth Circuit in declining to impose that requirement").

A claim for malicious prosecution under Michigan law requires: (1) prior proceedings terminated in favor of the plaintiff; (2) absence of probable cause; (3) malice, defined as a purpose other than that of securing a proper adjudication of the claim; and (4) a special injury that flows directly from the other proceeding. *Payton v. Detroit*, 211 Mich.App. 375; 536 N.W.2d 233, 242 (1995). Malice, however, may be inferred from lack of probable cause. *Renda v. International Union*, UAW, 366 Mich. 58, 97-100; 114 N.W.2d 343 (1962).

The factual basis of Plaintiffs' state law claim is identical to that of the

7

federal claim: that Defendants, Abdallah and Smith, threatened and coerced the state's star witness, Bearia Stewart, a single mother, into implicating Plaintiffs in the Michael Martin murder by threatening to charge her with the murder and taking her children away from her. Ms. Stewart had repeatedly told the officers that she did not see the murder and did not know who killed Martin. Defendants' fabrication of evidence manufactured the probable cause necessary for Plaintiffs' arrest and prosecution, which constitutes malicious prosecution. *See Mills v. Barnard*, 869 F.3d 472, 480 (6th Cir. 2017) ("The prototypical case of malicious prosecution involves an official who fabricates evidence that leads to the wrongful arrest or indictment of an innocent person"). Defendant, Hill's, liability for the malicious prosecution claim is that he purposely withheld from the prosecutor before the Preliminary Exam and trial the fact that his stepdaughter, Kaneka Jackson, told him she saw the murder and George Clark (who was already arrested) was not the person she saw taking Martin to the woods at gunpoint immediately before the killing. Hill chose not to disclose this evidence because Clark was already in custody, so the case was "cleared" as far as the homicide detectives were concerned.

Defendants, Abdallah and Smith, have already been deposed. Hill is deceased. Kaneka Jackson, Hill's stepdaughter, has been deposed. Bearia Stewart's original testimony and recanted testimony in the criminal cases is already

8

on the record. No additional discovery is necessary to prove the malicious prosecution claim or to defend the common elements between the claims. Simply put, Defendants cannot show any prejudice. They oppose the state law claim of malicious prosecution because the statute allows for treble damages. *See* MCL 600.2907.

There is no bad faith in the delay in seeking the instant amendment. It was simply an oversight in the pleading.

In summary, where there has been no undue delay and no prejudice to Defendants, this Court should allow the filing of Plaintiffs' proposed Second Amended Complaint.

### **REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiffs respectfully request that this Court GRANT leave to file a Second Amended Complaint.

    Respectfully submitted,

    MUELLER LAW FIRM

    *s/Wolfgang Mueller*
    WOLFGANG MUELLER
    Attorney for Plaintiffs
    41850 W. Eleven Mile Rd., Ste. 101
    Novi, Michigan 48375
    (248) 489-9653
    wolf@wolfmuellerlaw.com
    (P43728)

Dated: February 7, 2022

9

**CERTIFICATE OF SERVICE**

  I hereby certify that on 2/7/22, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

  I further hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A

            s/Wolfgang Mueller
            MUELLER LAW FIRM
            41850 W. Eleven Mile, Ste. 101
            Novi, MI 48375
            248-489-9653
            wolf@wolfmuellerlaw.com
            (P43728)