UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CLARK, *et al.*,

Plaintiffs,

v.

ANTHONY ABDALLAH, *et al.*,

Defendants.

Case No. 21-cv-10001
Honorable Victoria A. Roberts
Magistrate Judge Elizabeth A. Stafford

---

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT (ECF No. 48)**

---

Plaintiffs George Clark and Kevin Harrington seek leave to file a second amended complaint to include a state-law malicious prosecution claim. ECF No. 48. Defendants argue that plaintiffs have not shown good cause for failing to amend before the deadline lapsed and that the proposed amendment is unduly delayed and would cause prejudice. ECF No. 51. After reviewing the record, the Court **GRANTS** plaintiffs' motion.

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be

futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (internal

quotation marks omitted).  Delay alone is not reason to deny a motion to

amend, but at some point "delay becomes 'undue,' placing an unwanted

burden on the court, or will become prejudicial, placing an unfair burden on

the opposing party." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir.

2002) (internal quotation marks omitted).

A plaintiff seeking to amend a complaint after the scheduling order's

deadline has passed must also "show good cause under [Federal Rule of

Civil Procedure] 16(b) for failure earlier to seek leave to amend before a

court will consider whether amendment is proper under Rule 15(a)." *Leary*

*v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  The plaintiff may show

good cause by "showing that despite their diligence they could not meet the

original deadline." *Id.* at 907.  Courts must also consider whether the

opposing party would be prejudiced by a delayed amendment. *Id.* at 909.

Here, the scheduling order set a deadline to amend the complaint by

July 2021.  ECF No. 16, PageID.104.  The parties stipulated twice to

extend that deadline to permit plaintiffs to add a defendant.  ECF No. 23;

ECF No. 25.  Plaintiffs filed an amended complaint in October 2021.  ECF

No. 27.  That amended complaint did not include the state-law malicious

prosecution claim because of counsel's oversight.  ECF No. 48, PageID.1856-1857.

Generally, "'[a]ttorney neglect or inadvertence will not constitute good cause supporting modification.'"  *State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, No. 1:15-cv-1314, 2017 WL 5197609, at *4 (W.D. Mich. Feb. 9, 2017) (quoting Charles Alan Wright & Arthur R. Miller, 6A Fed. Practice & Procedure § 1522.2 (3d ed. 1998)).  And a plaintiff does not act diligently when it is aware of the basis for a proposed claim for many months but fails to pursue that claim.  *Leary*, 349 F.3d at 908.  Plaintiffs admit that the state-law malicious prosecution stems from the same facts underlying a federal malicious prosecution claim in the original complaint.  ECF No. 48, PageID.1857.  Though plaintiffs were aware of those facts when they filed the action, they waited for over a year to add the state-law claim.  Even after filing their amended complaint, plaintiffs waited another four months before moving to amend a second time.  Thus, plaintiffs have failed to show good cause to modify the schedule.

Still, "[t]here is a strong preference for adjudicating cases on the merits rather than on a failure to" comply with procedural obligations.  *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209 (E.D. Mich. 2018).  Defendants were aware of the federal malicious prosecution claim.  A

3

state-law claim involves the same elements except that it requires a finding of malice.  *Compare Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (listing elements of a Fourth Amendment malicious prosecution claim) *with Payton v. Detroit*, 536 N.W.2d 233, 242 (Mich. Ct. App. 1995) (listing elements of a state-law malicious prosecution claim).  Because of the significant overlap, minimal discovery will be necessary for the state-law claim beyond what is necessary for the federal claim.  But if any new discovery is needed, the district judge granted defendants' motion to extend deadlines—an order that will apply to discovery, which is ongoing.  *See* ECF No. 61.

Defendants argue that they would be prejudiced by jury confusion because federal claims require a showing of recklessness while state-law claims require a showing of malice.  ECF No. 51, PageID.1983-1984.  They note that other courts have declined to exercise supplemental jurisdiction over state-law malicious prosecution claims because of the risk of jury confusion.  *See, e.g.*, *Fakhoury v. O'Reilly*, No. 16-cv-13323, 2017 WL 4785974, at *14 (E.D. Mich. Oct. 24, 2017); *Bailey v. City of Ann Arbor*, No. 14-12002, 2015 WL 1412638, at *4 (E.D. Mich. Mar. 26, 2015).  But other courts have simultaneously entertained federal and state-law malicious prosecution claims.  *See, e.g.*, *Webb v. United States*, 789 F.3d 647, 672

4

(6th Cir. 2015) (applying Ohio law); *Bielefeld v. Haines*, 192 F. App'x 516,

519-20 (6th Cir. 2006) (applying Kentucky law, which required a showing of

malice); *Shepherd v. Metz*, 453 F. Supp. 3d 924, 932-35 (E.D. Mich. 2020).

Any jury confusion may be addressed by carefully drafted jury instructions.

Because plaintiffs' delay will not prejudice defendants, the Court

**GRANTS** plaintiffs' motion to amend the complaint (ECF No. 48).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 12, 2022

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

6