UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CLARK, *et al.*,

      Plaintiffs,                          Civil Action No.: 21-10001
                                          Honorable Victoria A. Roberts
v.                                       Magistrate Judge Elizabeth A. Stafford

ANTHONY ABDALLAH, *et al.*,

      Defendants.
_____/

## **AMENDED SCHEDULING ORDER**

| | |
|---|---|
| DISCOVERY CUTOFF [1]<br>(All Discovery Responses Due): | 8/11/2022 |
| EXPERT DISCLOSURES (P): | 9/9/2022 |
| EXPERT DISCLOSURES (D): | 10/7/2022 |
| REBUTTAL EXPERT DISCLOSURES: | 11/4/2022 |
| EXPERT DEPOSITIONS CUTOFF: | 11/18/2022 |

---

[1] **NO MORE EXTENSION OF THE DISCOVERY CUTOFF WILL BE GRANTED.** Discovery requests must be made in sufficient time for the opposing party or parties to respond before the discovery cutoff and/or for a motion to compel to be filed before the discovery cutoff. Unless good cause is shown, the Court will not entertain motions to compel that are filed after the discovery cutoff.

PRIVATE FACILITATION[2]: 12/1/2022
(To be conducted on or before)

## THE PARTIES MUST READ AND ADHERE TO THE FOLLOWING ENCLOSED GUIDELINES:

**Parties are expected to be cooperative and respectful with one another**: Federal Rule of Civil Procedure 1 was "amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1, advisory committee notes (2015). Amended Rule 1 is intended to discourage "over-use, misuse, and abuse of procedural tools that increase cost and result in delay." *Id.* The advisory committee notes emphasize, "Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure." *Id.*

**Motions to compel discovery, and responses thereto, must address with specificity the proportionality factors:** Effective December 1, 2015, the rules permit limiting the discovery of relevant evidence after consideration of proportionality:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Although proportionality must be addressed, the Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position. *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not

---

[2] By May 1, 2022, the parties must file a joint notice of the name of the chosen facilitator and when the facilitation will be held.

discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action.").

**Objections to interrogatories and requests for production of documents must be stated with specificity**: *See* Fed. R. Civ. P. 33(b)(4) & 34(b)(2). Further, a party objecting to a request for production of documents as burdensome must submit affidavits or other evidence to substantiate its objections. *In re Heparin Products Liab. Litig*., 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC,* 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008).

**Claims of privilege must be supported**: To the extent that a party claims privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii). It may also seek a protective order. See E.D. Mich. LR 26.4.

**Parties will be required to meet and confer prior to a hearing on a motion to compel**: *See* E.D. Mich. LR 37.1. This meeting must be in person or by videoconference, and the parties must make a good faith effort to narrow the areas of disagreement. LR 37.1.

       **IT IS SO ORDERED.**

Dated: April 13, 2022                s/Elizabeth A. Stafford
                                       ELIZABETH A. STAFFORD
                                       United State Magistrate Judge