UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE CLARK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY ABDALLAH, *et al.*,<br><br>Defendants. | Case No. 21-cv-10001<br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO SHOW CAUSE WHY CONTEMPT SHOULD NOT BE FOUND
(ECF No. 54)**

## I.    Introduction

Defendants Anthony Abdallah and Kevin Smith move the Court to issue an order for non-party Bearia Stewart, to show cause why she should not be found in contempt for failure to appear for depositions duces tecum. ECF No. 54.

The Honorable Victoria A. Roberts referred the case to the undersigned for all non-dispositive pretrial proceedings under 28 U.S.C. § 636(b)(1)(A).  ECF No. 62.  But this Court lacks jurisdiction to enter an order of contempt unless it is exercising consent jurisdiction under § 636(c). *See Faison v. State Farm Fire & Cas. Co.*, No. 13-CV-15014, 2015 WL

4274882, at *1 (E.D. Mich. June 18, 2015), *adopted*, 2015 WL 4274887 (E.D. Mich. July 14, 2015).  The Court must instead proceed under § 636(e)(6)(B), which states:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

The Court recommends that Judge Roberts order non-party Stewart to show cause why she should not be held in contempt for failing to obey the subpoenas duces tecum.

## II.   Analysis

Federal Rule of Civil Procedure 45(g) says that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  A court's discretion to find contempt "should not be used lightly."  *Faison*, 2015 WL 4274882 at *2 (quoting *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003)).  Defendants bear the burden of showing by clear and convincing evidence that the non-

party failed to comply with the subpoenas.  *Id.* at *2; *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998).  Defendants have met that burden based on the following certified facts:

1. Defendants served Stewart with a subpoena to appear for deposition on January 17, 2022, and bring certain documents with her to the deposition.  ECF No. 54-2; ECF No. 54-3.

2. When defense counsel contacted Stewart the day before the deposition, she indicated her unwillingness to attend.  ECF No. 54, PageID.2035.

3. Stewart failed to appear for the deposition or comply with the subpoena.  *Id.*

4. Defense counsel rescheduled the deposition for February 4, 2022.  ECF No. 54-5, PageID.2061.  Due to administrative error, the subpoena and notice of deposition were not served on Stewart.  ECF No. 54, PageID.2035.

5. Stewart did not appear for the deposition.  ECF No. 54-6.

6. Defendants served Stewart with a subpoena to appear for deposition on March 15, 2022, and bring certain documents with her to the deposition.  ECF No. 54-7; ECF No. 54-8.

7. When defense counsel contacted Stewart the day before the deposition, she stated that she thought it was scheduled for a different date and that she would call back after resolving a scheduling conflict. ECF No. 54, PageID.2036.

8. Stewart failed to appear for the deposition or comply with the subpoena. *Id.*

9. Defendants moved for Stewart to show cause why she should not be held in contempt for failure to comply with the subpoenas. ECF No. 54.

10. Stewart did not respond to defendants' motion to show cause.

11. The Court entered an order directing Stewart to file a written response by April 15, 2022, showing cause why she should not be held in contempt. ECF No. 66.

12. Defendants certified that they served the order to show cause on Stewart. ECF No. 69; ECF No. 69-2.

13. Stewart did not respond to the Court's order.

### III. Conclusion

Because of the above certified facts, the Court **RECOMMENDS** that defendants' motion to show cause (ECF No. 54) be **GRANTED**, and that

non-party Bearia Stewart, be ordered to appear before Judge Roberts to show cause why she should not be held in civil contempt for failure to comply with subpoenas. The Court further **ORDERS** defendants to serve a copy of this report and recommendation on Stewart via certified mail and to file notice of doing so by April 29, 2022.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 26, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 26, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
