UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE CLARK**, individually, and **KEVIN HARRINGTON**, individually; | Case No. 2:21-cv-10001 Hon. Victoria A. Roberts Mag. Judge Elizabeth A. Stafford |

     Plaintiffs,

v.

**ANTHONY ABDALLAH,** in his individual capacity; **KEVIN SMITH**, in his individual capacity; **JOHN HERMANN**, Personal Representative of the **ESTATE OF GREGORY HILL**, deceased, and **CITY OF INKSTER**, a Municipal corporation; jointly and severally,

     Defendants.

---

**MUELLER LAW FIRM**
By:    Wolfgang Mueller (P43728)
*Attorneys for Plaintiffs*
41850 W. Eleven Mile Rd, Ste 101
Novi, MI 48375
P: (248) 489-9653
F: (248) 347-6630
E: wolf@wolfmuellerlaw.com

**SEWARD HENDERSON PLLC**
By:    T. Joseph Seward (P35095)
       Michael A. Knoblock (P77544)
*Attorneys for Defendants Abdallah and Smith, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E:jseward@sewardhenderson.com
mknoblock@sewardhenderson.com

SCHENK & BRUETSCH
By:    Lindsey R. Johnson (P67081)
*Attorneys for Defendant Inkster, only*
211 W. Fort St., Suite 1410
Detroit, MI 48226
P: (313) 774-1000
E: lindsey.johnson@sbdetroit.com

LAW OFFICES OF JOHN T. HERMANN
By:    John T. Hermann (P52858)
*Attorneys for Estate of Hill, only*
2684 West Eleven Mile Road
Berkley, MI 48072
P: (248) 591-9291
F: (248) 591-2304
E: hermannlawoffices@comcast.net

## DEFENDANTS ANTHONY ABDALLAH AND KEVIN SMITH'S MOTION TO SHOW CAUSE

Defendants **ANTHONY ABDALLAH** and **KEVIN SMITH**, ("Defendants") by and through their undersigned counsel, move this Court for an order directing Tammy Wiseman, a witness in the above-captioned case, to show cause why she should not be held in contempt for failing to honor subpoenas and testify at a deposition. Defendants rely on the attached brief in support of their motion. Defendants sought concurrence on March 25, 2022, with counsel for Plaintiffs and Defendant City of Inkster. Those parties concur with the relief requested.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ Michael A. Knoblock (P77544)
*Attorneys for Defendants Abdallah and Smith, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633

Dated:   April 28, 2022          E:mknoblock@sewardhenderson.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE CLARK**, individually, and **KEVIN HARRINGTON**, individually; | Case No. 2:21-cv-10001 Hon. Victoria A. Roberts Mag. Judge Elizabeth A. Stafford |
| Plaintiffs, | |
| v. | |
| **ANTHONY ABDALLAH,** in his individual capacity; **KEVIN SMITH**, in his individual capacity; **JOHN HERMANN**, Personal Representative of the **ESTATE OF GREGORY HILL**, deceased, and **CITY OF INKSTER**, a Municipal corporation; jointly and severally, | |
| Defendants. | |

**MUELLER LAW FIRM**
By:    Wolfgang Mueller (P43728)
*Attorneys for Plaintiffs*
41850 W. Eleven Mile Rd, Ste 101
Novi, MI 48375
P: (248) 489-9653
F: (248) 347-6630
E: wolf@wolfmuellerlaw.com

**SEWARD HENDERSON PLLC**
By:    T. Joseph Seward (P35095)
       Michael A. Knoblock (P77544)
*Attorneys for Defendants Abdallah and Smith, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E:jseward@sewardhenderson.com
mknoblock@sewardhenderson.com

**SCHENK & BRUETSCH**
By:    Lindsey R. Johnson (P67081)
*Attorneys for Defendant Inkster, only*
211 W. Fort St., Suite 1410
Detroit, MI 48226
P: (313) 774-1000
E: lindsey.johnson@sbdetroit.com

**LAW OFFICES OF JOHN T. HERMANN**
By:    John T. Hermann (P52858)
*Attorneys for Estate of Hill, only*
2684 West Eleven Mile Road
Berkley, MI 48072
P: (248) 591-9291
F: (248) 591-2304
E: hermannlawoffices@comcast.net

**BRIEF IN SUPPORT OF DEFENDANTS ANTHONY ABDALLAH AND KEVIN SMITH'S MOTION TO SHOW CAUSE**

# TABLE OF CONTENTS

Table of Contents ................................................................................ iii

Questions Presented ............................................................................ iv

Most Controlling Authorities ............................................................... v

Index of Authorities ............................................................................ vi

Statement of Facts ................................................................................ 1

Law and Analysis ................................................................................. 2

    I.    Law – Non-Compliance with Subpoenas Under Rule 45 ............ 2

    II.   Analysis – Ms. Wiseman Failed to Comply with the Subpoena .... 3

Conclusion and Relief Requested ......................................................... 4

## QUESTIONS PRESENTED

1. Whether this Court should enter an order requiring Tammy Wiseman to show cause why she did not comply with the subpoena Defendants Abdallah and Smith served on her, and hold Ms. Wiseman in contempt if she does not show good cause?

Defendants Abdallah and Smith answer, "Yes."

Defendant City of Inkster answers, "Yes."

Defendant Hill presumably answers, "Yes."

Plaintiffs answer, "Yes."

## MOST CONTROLLING AUTHORITIES

- Fed. R. Civ. P. 45(g)

- *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501

  (6th Cir. 2002)

# INDEX OF AUTHORITIES

## Cases

*CFE Racing Products, Inc. v. BMF Wheels, Inc.*,
   793 F.3d 571 (6th Cir. 2015) ................................................................. 3

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ................................................................................ 3

*Consolidated Rail Corp. v. Yashinsky*,
   170 F.3d 591 (6th Cir. 1999) ................................................................. 3

*Electrical Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*,
   340 F.3d 373 (6th Cir. 2003) ................................................................. 3

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*,
   307 F.3d 501 (6th Cir. 2002) ................................................................. 2

*Gnesys, Inc. v. Greene*,
   437 F.3d 482 (6th Cir. 2005) ................................................................. 3

*Halawani v. Wolfenbarger*,
   No. 07-15483, 2008 WL 5188813 (E.D. Mich. Dec. 10, 2008) ............. 3

*In re Jaques*,
   761 F.2d 302 (6th Cir. 1985) ................................................................. 3

*In re Prevot*,
   59 F.3d 556 (6th Cir. 1996) ................................................................... 3

*McComb v. Jacksonville Paper Co.*,
   336 U.S. 187 (1949) .............................................................................. 3

*Rolex Watch U.S.A., Inc. v. Crowley*,
   74 F.3d 716 (6th Cir. 1996) ................................................................... 3

*Shillitani v. United States*,
   384 U.S. 364 (1966) .............................................................................. 3

## Rules

Fed. R. Civ. P. 45(g) ................................................................................. 2

## STATEMENT OF FACTS

The interactions Defendants allegedly had with Tammy Wiseman serve as a basis for Plaintiffs' fabrication of evidence and *Brady* claims in this case. [ECF No. 27, PageID.330-331, 339-340, 341-342]. As such, defense counsel scheduled the deposition of Ms. Wiseman for January 31, 2022. Counsel sent Ms. Wiseman a subpoena, notice of deposition, and witness fee check via certified mail restricted delivery on December 15, 2021. [Exhibit 1 – Wiseman Deposition Materials]. Defendants received the return receipt card from that mailing on December 21, 2021. [Exhibit 2 – Return Receipt].

Ms. Wiseman subsequently cashed the check. [Exhibit 3 – Endorsed Check]. On Thursday, January 20, 2022, the undersigned went to the same address Ms. Wiseman's deposition materials were sent to in an attempt to confirm she would be attending the deposition. However, no one was home and counsel left a business card with instructions to call regarding her deposition.

On Friday, January 28, 2022, defense counsel attempted to contact Ms. Wiseman through telephone numbers potentially associated with her. Counsel left voicemail messages for the following telephone numbers: (313) 614-0712, (734) 363-0898, and (734) 749-4436. However, counsel was unable to confirm whether those numbers belong to Ms. Wiseman. On that same date, counsel located Ms. Wiseman on Facebook and sent her a message in another attempt to confirm her

attendance at the deposition. [Exhibit 4 – Facebook Message Screenshot]. She did not respond. On January 31, 2022, Ms. Wiseman did not appear for her deposition. [Exhibit 5 – January 31, 2022, Statement on the Record].

Ms. Wiseman subsequently contacted defense counsel by telephone before a show-cause motion could be filed. At that time, she indicated that March 25, 2022, at 1:00 p.m. was an agreeable time and date for her deposition. Accordingly, Ms. Wiseman was sent a notice of deposition and subpoena on February 25, 2022, via certified mail. [Exhibit 6 – Wiseman Second Deposition Materials]. She was also provided a witness fee check for the mileage from her address to defense counsel's address. [Exhibit 6 – Wiseman Second Deposition Materials]. However, she failed to appear for her deposition on March 25, 2022. [Exhibit 7 – March 25, 2022, Statement on the Record].

## LAW AND ANALYSIS

### I.   LAW – NON-COMPLIANCE WITH SUBPOENAS UNDER RULE 45

Rule 45 of the Federal Rules of Civil Procedure allows a federal court to hold a witness in contempt that disobeys a subpoena without adequate excuse. Fed. R. Civ. P. 45(g). A federal court also has inherent authority to hold a witness in contempt for failing to obey a subpoena. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 n. 7 (6th Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32,

43, 45 (1991) (citation omitted)); *see also In re Prevot*, 59 F.3d 556, 565 (6th Cir. 1996);

*Shillitani v. United States*, 384 U.S. 364, 370 (1966).

The purpose of civil contempt is to coerce compliance and compensate for any

loss caused by non-compliance. *Electrical Workers Pension Trust Fund v. Gary's Elec.*

*Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003); *see also Consolidated Rail Corp. v.*

*Yashinsky*, 170 F.3d 591, 595 (6th Cir. 1999); *In re Jaques*, 761 F.2d 302, 305-06 (6th

Cir. 1985). To obtain a civil contempt order, a party must present clear and convincing

evidence that a witness knew of and disobeyed a definite and specific command of a

subpoena. *Id.* at 306. Intent is irrelevant to a finding of civil contempt – unlike criminal

contempt, civil contempt does not require a showing of willfulness. *Id.* (citing *McComb*

*v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)); *see also CFE Racing Products,*

*Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 598 (6th Cir. 2015) (citation omitted); *Rolex*

*Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (citation omitted). Thus,

good faith is not a defense to civil contempt. *Gnesys, Inc. v. Greene*, 437 F.3d 482, 493

(6th Cir. 2005) (citation omitted).

## II. ANALYSIS – MS. WISEMAN FAILED TO COMPLY WITH THE SUBPOENA

Defendants properly served multiple subpoenas on Ms. Wiseman. [Exhibit 1 –

Wiseman Deposition Materials; Exhibit 2 – Return Receipt; Exhibit 6 – Wiseman

Second Deposition Materials]. *See also Halawani v. Wolfenbarger*, No. 07-15483,

2008 WL 5188813, at *4 (E.D. Mich. Dec. 10, 2008) (Roberts, J.) [Exhibit 8 –

*Halawani v. Wolfenbarger*]. The subpoena commanded Ms. Wiseman to appear for a deposition at a specific place on a specific date at a specific time. [Exhibit 1 – Wiseman Deposition Materials; Exhibit 6 – Wiseman Second Deposition Materials]. The command of the subpoena is neither unclear nor indefinite in any respect.

The witness fee checks, the first of which Ms. Wiseman cashed, accompanied the subpoena. [Exhibit 1 – Wiseman Deposition Materials; Exhibit 3 – Endorsed Check; Exhibit 6 – Wiseman Second Deposition Materials]. Thus, Ms. Wiseman clearly received and knew of the subpoena. In fact, Ms. Wiseman contacted counsel after failing to appear for her first deposition and gave counsel a time and date that would work for her deposition. But Ms. Wiseman never objected to, requested modification of, or complied with either subpoena. These circumstances compel the conclusion that Ms. Wiseman knew of and failed to obey the subpoenas. It also warrants a finding of contempt on the part of Ms. Wiseman.

## CONCLUSION AND RELIEF REQUESTED

Defendants respectfully request that this Court: (i) order Tammy Wiseman to show cause why she should not be held in contempt for failure to honor the subpoenas; (ii) hold Ms. Wiseman in contempt if she fails to show satisfactory cause; (iii) require Ms. Wiseman to pay the costs and attorney fees incurred by Defendants as a result of her failure to honor the subpoenas; (iv) order Ms. Wiseman to purge the contempt order by appearing for a deposition on or before a date to be determined by the Court; and (v)

issue a warrant for Ms. Wiseman's arrest if she fails to purge the contempt order by appearing for a deposition.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ Michael A. Knoblock (P77544)
*Attorneys for Defendants Abdallah and Smith, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   April 28, 2022            E:mknoblock@sewardhenderson.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing and this Certificate of Service with the Clerk of the Court, using the Court's E-filing system that will send notification to all counsel of record, and served Ms. Wiseman with a copy via US Certified Mail at her last known address, on **April 28, 2022.**

<u>/s/ Edward Tucker, Jr.</u>
**SEWARD HENDERSON PLLC**