UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CLARK, et al.,

    Plaintiff,

v.

                                  Case No. 21-10001
                                  Honorable Victoria A. Roberts
                                  Magistrate Elizabeth A. Stafford

ANTHONY ABDALLAH, et al.,

    Defendants.

_____/

### ORDER DENYING ANTHONY ABDALLAH AND KEVIN SMITH'S MOTION TO CERTIFY THE QUESTION TO THE SIXTH CIRCUIT [ECF NO. 141]

**I.    INTRODUCTION**

On March 8, 2023, the Court denied Anthony Abdallah and Kevin Smith's (Defendants) motion to dismiss Kevin Harrington's case. *See* [ECF No. 124]. The Court reasoned that: (1) Defendants were not sufficiently prejudiced by Harrington's discovery violations to warrant dismissal; (2) sanctions must be proportionate to the circumstances and dismissal was too extreme a punishment; and (3) the Magistrate Judge did not consider whether lesser sanctions could remedy the prejudice Defendants suffered before she recommended the drastic sanction of dismissal. The Court then imposed a host of lesser, but adequate, sanctions to penalize Harrington for

1

discovery abuses. *See id.* at PageID.3463-.3466.

Defendants seek an immediate appeal of the Court's order. They filed a motion to certify the following question to the Sixth Circuit: "When establishing prejudice for opposing parties lying in discovery, must that party show the prejudice goes to "a lynchpin" of the opposing parties [sic] claim or defenses." [ECF No. 141, PageID.4526].

Because Defendants' motion does not involve a controlling question of law and the motion fails to materially advance the termination of Harrington's litigation as required under 28 U.S.C. § 1292(b), the Court **DENIES** Defendants' motion.

## II. LEGAL STANDARD

The appellate jurisdiction of circuit courts is generally limited to reviewing a district court's final judgment. 28 U.S.C. § 1291; *Catlin v. United States*, 324 U.S. 229, 233 (1945). Congress recognized, however, that the orderly administration of justice is frustrated when parties are forced to grind forward to final judgment before they can challenge the correctness of some isolated, but determinative, question of law. *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.,* 29 F.Supp.2d 825, 831 (N.D.Ohio 1998).

To address these rare circumstances, Congress created the interlocutory appeal to permit immediate appellate review of an order that

does not dispose of the case on its merits. 28 U.S.C. § 1292(b). Under the statute, a district court may certify an order for interlocutory appeal if the court is "of the opinion" that three conditions exist: "[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation." *Id.*; *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017).

"Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002).

### III.    ANALYSIS

Defendants' motion fails for the following reasons: (1) they present no controlling question of law; (2) an immediate appeal would not advance the termination of Harrington's litigation; and (3) Defendants have no viable basis to challenge the Court's discretionary authority.

**A. Defendants present no controlling question of law.**

Defendants' question, in less convoluted terms, is this: to support the sanction of dismissal because of discovery abuses, must the allegedly prejudiced party always demonstrate that the prejudice suffered goes to the central elements of the case?" *See* [ECF No. 141, PageID.4526]. The law is well-settled on this question and the answer is "no." Further, the order the

3

Court entered on this question does not involve a controlling question of law as required by § 1292(b).

No entity (not the Court, not Defendants, not Harrington) disputes that the Court had the discretion to dismiss Harrington without utilizing a "lynchpin" analysis, so long as Harrington engaged in contumacious (i.e., willfully disobedient) conduct. The law supporting this assertion is clear. Indeed, the Court plainly says as much in its opinion. *See* [ECF No. 124, PageID.3443] (". . . a court may implement dismissal as a sanction if a party engages in contumacious conduct") (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

Defendants base their entire motion on a recent unpublished slip opinion that has no precedential value: *Farrar v. Lapan*, No. 22-1908, 2023 WL 3151093 (6th Cir. Apr. 28, 2023). In that case, the plaintiff brought a claim alleging that a car accident caused her to miscarry. After Defendants revealed that the plaintiff lied about her pregnancy during discovery, the district court dismissed the miscarriage claim and all other claims in the complaint. *Id.* at *1.

On appeal, the Sixth Circuit affirmed the dismissal. It stated that the district court was within its discretion to dismiss the plaintiff because she lied. *Id.* at *3. It reasoned that even though plaintiff's other claims had nothing to

do with her alleged pregnancy, the district court still had the discretion to dismiss them all given her conduct. *Id.* at *2.

Defendants argue that because the district court in *Farrar* did not use a "lynchpin" framework in its dismissal analysis, and because the Sixth Circuit upheld the dismissal, this Court committed error for taking a different approach.

This argument lacks merit. *Farrar* in no way conflicts with this Court's order. The only proposition that *Farrar* stands for is that a district court has the discretion to dismiss a plaintiff for lying in discovery. *See Reyes*, 307 F.3d at 458. Though the Court had the discretion to dismiss, it also had the discretion to invoke lesser sanctions. *Farrar* itself supports as much: "[i]n the end, the district court acted within its discretion in dismissing this case. To be sure, a different court might have exercised its discretion differently and chosen another sanction." *Farrar*, 2023 WL 3151093, at *3. The Court will not grant a frivolous motion when the question Defendants seek to certify is not in controversy.

**B. The Court is not "of the opinion" that an immediate appeal on the prejudice issue would materially advance the termination of Harrington's litigation.**

Next, § 1292(b) requires that the Court be "of the opinion" that an immediate appeal on the prejudice issue would materially advance the

5

termination of this litigation. It is not.

Defendants say that, should the Court certify their question, and should the Sixth Circuit accept the appeal, the appellate court would reverse this Court and effectively terminate Harrington's litigation. *See* [ECF No. 141, PageID.4533, .4535]. This is false. If the Court certified the question and the Sixth Circuit accepted the appeal and ruled in Defendants' favor, it would remand for the Court to reapply its discretionary sanctions analysis in a manner consistent with the Sixth Circuit's directives. But putting the question of prejudice and the "lynchpin analysis" aside, the Court would have still come to the same conclusion it reached in its order.

A district judge must consider four factors in deciding whether dismissal is an appropriate sanction for failure to comply with a discovery obligation:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Besides finding that the prejudice factor was not sufficiently met, the Court also found that

6

Harrington was not sufficiently warned of the possibility of dismissal, and that the Magistrate Judge did not consider less drastic sanctions before recommending dismissal. Defendants do not challenge the Court's analysis on these factors.

Because this Court would have sanctioned Harrington in the same manner even absent its prejudice analysis, the Court is not of the opinion that an immediate appeal on the prejudice issue would materially advance the termination of Harrington's litigation. Importantly, none of the other factors analyzed by the Court is raised by Defendants in their appeal request. The Sixth Circuit could not in good conscience terminate this litigation when other factors that figured prominently in this Court's opinion will not be before it. A Sixth Circuit opinion on the prejudice prong only will not be outcome determinative. Without such a determination, Defendants' motion to certify fails. *See In re Trump*, 874 F.3d at 951.

Further, Defendants themselves state in their briefing that "[t]he defendants are not seeking a review of the court's ultimate decision." [ECF No. 147, PageID.4680]. Therefore, they concede that their motion to certify would not materially advance the termination of Harrington's case. This is fatal.

### C. Defendants have no viable basis to challenge the Court's discretionary authority.

Finally, Defendants argue that a substantial ground for difference of opinion exists because the Court incorrectly applied the law in its order. This argument is disingenuous. In reality, Defendants dispute how the Court exercised its discretion, not whether the Court incorrectly applied the law. Defendants have no feasible basis to challenge this Court's discretionary authority to impose sanctions. *See Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir. 2014) (A district court has broad discretion in choosing whether, and how, to sanction a party for discovery abuses.).

The Court's authority to exercise its discretion is well-settled, and Defendants' attempt to appeal a district court's inherent powers is frivolous. *See id.*; *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 273 (6th Cir. 2010) ("A federal court's inherent powers include broad discretion to craft proper sanctions"); *Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009) (en banc) (the Court's discretionary authority "arises not from substantive law, but, rather, from a court's inherent power to control the judicial process") (internal quotes omitted).

A district court's decision to invoke discovery sanctions is reviewed for abuse of discretion. As Defendants must know, abuse of discretion is a highly deferential standard, and courts of appeal "give[] substantial deference to the

district court decisions that get the process right." *Instituto Mexicano del Seguro Soc. v. Stryker Corp.*, 28 F.4th 732, 736 (6th Cir. 2022) (internal quotes omitted).

An abuse of discretion occurs when (1) the district court's decision is based on an erroneous conclusion of law, (2) the district court's findings are clearly erroneous, or (3) the district court's decision is clearly unreasonable, arbitrary or fanciful." *Id.* (internal citation omitted). None of these factors is present here. The Court did not base its decision on an erroneous conclusion of law: it never concluded in its analysis that the "lynchpin" framework was necessary to make a finding of prejudice, nor did it say that the lynchpin analysis was required to warrant an order of dismissal. Defendants point to nowhere in the record where the Court stated as much.

The Court also did not make "clearly erroneous" findings or a "clearly unreasonable" decision. Rather, the Court assessed the facts in great detail, weighed them against the prejudice Defendants alleged, and used its discretionary authority to opine that dismissal was too harsh a sanction. *See* [ECF No. 124].

As the Court articulated in its order, dismissal is a severe sanction for a discovery violation and is to be used with great caution. *See Peltz v. Moretti*, 292 F. App'x 475, 478 (6th Cir. 2008) ("Dismissal of an action for

failure to cooperate in discovery is a sanction of last resort."). Further, dismissal is appropriate only when no alternative sanction would protect the integrity of pre-trial procedures. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001).

The Court analyzed the facts, exercised its discretion, and concluded that a combination of alternative sanctions would be sufficient to protect the integrity of pre-trial procedures. "Any doubts regarding the use of dismissal as a sanction should be resolved in favor of reaching a decision on the merits." *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1335 (Fed. Cir. 2009).

Defendants ask the Sixth Circuit to determine whether the Court "properly" applied its discretionary powers to the facts. This is oxymoronic. Defendants cannot challenge a court's discretion simply because they believe another court would have come out differently; the entire point of discretion is to grant a court the freedom to reasonably decide what it believes should be done in a particular situation based on the circumstances before it. The fact that another court may have used its discretion to reasonably come to a different conclusion is of no consequence.

Critically, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002).

10

Defendants fail to establish this as an exceptional circumstance warranting an interlocutory appeal.

### IV.   CONCLUSION

Because (1) Defendants present no controlling question of law; (2) an immediate appeal would not advance the termination of Harrington's litigation; and (3) Defendants have no viable basis to challenge the Court's discretionary authority, the Court **DENIES** their motion to certify.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 6/2/2023